**IN THE EASTERN DISTRICT COURT OF MISSOURI**

| | |
|---|---|
| **DAWN BERRY**<br>**Administrator for the Estate of**<br>**BRITTANY A. BERRY, Deceased**<br><br>        **Plaintiff,**<br><br>v.<br><br>**THE MISSOURI DEPARTMENT OF**<br>**CORRECTIONS, WOMEN'S EASTERN**<br>**RECEPTION, DIAGNOSTIC and**<br>**CORRECTIONAL CENTER**<br><br><br>        **Defendant.** | **CIVIL NO.:**<br><br>**ACTION FOR DAMAGES**<br><br><u>**JURY TRIAL DEMANDED**</u> |

## <u>COMPLAINT</u>

This cause of action arises out of the wrongful death by suicide of Brittany A. Berry while an inmate under the care and custody of the Missouri Department of Corrections Women's Eastern Reception, Diagnostic, and Correctional Center ("WERDCC"). Brittany Berry's death was a direct and proximate result of the WERDCC's deliberate indifference and gross negligence.

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(4), and 42 U.S.C. § 1983 because it arises under the laws of the United States

Case: 2:24-cv-00025-ZMB   Doc. #: 1   Filed: 03/01/24   Page: 2 of 8 PageID #: 2

*Berry v. The Missouri Department of Corrections Women's Eastern Reception Diagnostic and Correctional Center*, Case No.
**COMPLAINT**
Page 2

and seeks redress for civil right violations of the Eighth and Fourteenth Amendments of the Constitution of the United States, specifically the deliberate indifference and gross negligence exhibited by the WERDCC which resulted in the wrongful death and preventable suicide of Brittany A. Berry on May 26, 2021.

2. This Court has supplemental jurisdiction of the common law claims pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this judicial district under 28 U.S.C. §1391(b) because the events giving rise to the claim occurred in the city of Vidalia, Audrain County, Missouri.

## PARTIES

4. Plaintiff, Dawn Berry ("Ms. Berry") is a resident of the State of Missouri and brings this cause of action on behalf of her deceased daughter, Brittany A. Berry ("B. Berry") and is the Administrator of Brittany Berry's Estate and therefore has standing to bring this cause of action on her deceased daughter's behalf.

5. The Defendant is the Missouri Department of Corrections Women's Eastern Reception, Diagnostic, and Correctional Center ("WERDCC") and is a Missouri State Governmental Entity.

## FACTS GIVING RISE TO CLAIM

6. On May 13, 2019, B. Berry was charged by probable cause with felony possession of controlled substances under case number 19LW-CR00365-01 (*see* **Exhibit 1**, docket sheet for case number 19LW-CR00365-01).

7. On February 27, 2020, B. Berry entered a plea and was given a suspended imposition of sentence with five (5) years' probation (**Exhibit 1** at 2/27/2020).

8. Thereafter, multiple reports were entered by B. Berry's Probation Officer, culminating in

Case: 2:24-cv-00025-ZMB   Doc. #: 1   Filed: 03/01/24   Page: 3 of 8 PageID #: 3

*Berry v. The Missouri Department of Corrections Women's Eastern Reception Diagnostic and Correctional Center*, Case No.
**COMPLAINT**
Page 3

an Order entered May 21, 2020, ordering the committal of B. Berry to the Fulton Community Supervision Center (**Exhibit 1** at 5/21/2020).

9. On June 16, 2020, the Court entered its Order finding that B. Berry had "serious mental health issues" which prevented her from participating in the Justice Reinvestment Initiative Treatment Pilot ("JRITP") (*see* **Exhibit 2**, Court Order dated June 16, 2020, and **Exhibit 1** at 6/16/2020).

10. On March 29, 2021, B. Berry was sentenced to a 120 Day Program in the Missouri Department of Corrections and was committed to WERDCC.

11. On May 26, 2021, at approximately 7:01 PM the Audrain County Sherrif's Department was dispatched to WERDCC for a report of an in-custody death which was responded to by Major James Shrader and Seargent Brian Hollensteiner (*see* **Exhibit 3**, Audrain County Sherrif's Office Incident Report 21-00404).

12. The incident report states the responding deputies reviewed video surveillance footage which showed B. Berry walk into the shower area of the facility, carrying a bedsheet (**Exhibit 3**, page 5).

13. The incident report also states that B. Berry's body was found by two fellow inmates who had noted B. Berry's absence at the "chow hall" and upon their return to their shared cell had found B. Berry's Bible open and a suicide note between its pages. This led the inmates to search for B. Berry and when they found her body hanging in the facility showers, they proceeded to alert the WERDCC staff (**Exhibit 3**, page 5).

14. At no time did any of the on-duty staff observe B. Berry's absence from the "chow hall" nor did they observe her walking into the facility shower carrying a bedsheet even though this action was captured on the surveillance cameras and should have been observed by an

Case: 2:24-cv-00025-ZMB   Doc. #: 1   Filed: 03/01/24   Page: 4 of 8 PageID #: 4

*Berry v. The Missouri Department of Corrections Women's Eastern Reception Diagnostic and Correctional Center*, Case No.
**COMPLAINT**
Page 4

15. on-duty corrections officer.

15. Moreover, even with the special sentencing considerations entered by the Court due to the "serious mental health" issues of B. Berry (**Exhibit 2**) the WERDCC failed to take any steps to safeguard B. Berry's personal welfare while she was in their custody and control.

16. On or about 6:03 PM, B. Berry was pronounced deceased, and the cause of death was found to be suicide by hanging (*see* **Exhibit 4**, Final Diagnosis of the Body of Brittany A. Berry).

17. As a direct and proximate result of the deliberate indifference of the WERDCC staff and personnel resulting in the preventable suicide and wrongful death of Brittany Berry, Brittany Berry has been deprived of her life.

18. As a direct and proximate result of the deliberate indifference of the WERDCC staff and personnel resulting in the preventable suicide and wrongful death of Brittany Berry, Dawn Berry has suffered loss of society, comfort, and companionship of her daughter, mental and emotional anguish, and loss of enjoyment of life.

## COUNT I
## DELIBERATE INDIFFERENCE

19. Ms. Berry repeats and incorporates each and every allegation contained in paragraphs 1-18 above.

20. On March 29, 2021, B. Berry was sentenced to a 120 Day committal at the WERDCC.

21. At the time of her committal, the Court had found B. Berry to be suffering from serious mental health issues and this was the direct reason for her committal to the WERDCC.

22. The employees, personnel, and staff of the WERDCC knew or reasonably should have known of B. Berry's mental health issues.

23. WERDCC, its staff, employees, and personnel owed B. Berry an enhanced duty of care as

Case: 2:24-cv-00025-ZMB   Doc. #: 1   Filed: 03/01/24   Page: 5 of 8 PageID #: 5

*Berry v. The Missouri Department of Corrections Women's Eastern Reception Diagnostic and Correctional Center*, Case No.
**COMPLAINT**
Page 5

she was in their care and custody.

24. WERDCC, its staff, employees, and personnel exhibited deliberate indifference to B. Berry resulting in her taking her own life by having no special policies to protect B. Berry even though they knew or should have reasonably known of her "serious mental health" issues and in a bewildering and unconscionable dereliction of basic detention practice, failed to observe B. Berry walk into the showers with a bed sheet where she took her own life.

25. As a direct and proximate result of WERDCC, its staff, personnel, and employees deliberate indifference to B. Berry, she lost her life and Ms. Berry suffered loss of society, comfort, and companionship of her daughter, mental and emotional anguish, and loss of enjoyment of life.

## COUNT II
## WRONGFUL DEATH

26. Ms. Berry repeats and incorporates each and every allegation contained in paragraphs 1 through 25 above.

27. On March 29, 2021, B. Berry was sentenced to a 120 Day committal at the WERDCC.

28. At the time of her committal, the Court had found B. Berry to be suffering from serious mental health issues and this was the direct reason for her committal to the WERDCC.

29. The employees, personnel, and staff of the WERDCC knew or reasonably should have known of B. Berry's mental health issues.

30. WERDCC, its staff, employees, and personnel owed B. Berry an enhanced duty of care as she was in their care and custody.

31. WERDCC, its staff, employees, and personnel abjectly failed in their duty of care to B. Berry resulting in her taking her own life by having no special policies to protect B. Berry

Case: 2:24-cv-00025-ZMB   Doc. #:  1   Filed: 03/01/24   Page: 6 of 8 PageID #: 6

*Berry v. The Missouri Department of Corrections Women's Eastern Reception Diagnostic and Correctional Center*, Case No.
**COMPLAINT**
Page 6

    even though they knew or should have reasonably known of her "serious mental health" issues and in a bewildering and unconscionable dereliction of basic detention practice, failed to observe B. Berry walk into the showers with a bed sheet, and thereby caused the wrongful death of B. Berry.

32. As a direct and proximate result of WERDCC, its staff, personnel, and employees' failure in their duty of care which resulted in the wrongful death of B. Berry, B. Berry was deprived of her life and Ms. Berry suffered loss of society, comfort, and companionship of her daughter, mental and emotional anguish, and loss of enjoyment of life.

## COUNT III
## NEGLIGENCE

33. Ms. Berry repeats and incorporates each and every allegation contained in paragraphs 1 through 32 above.

34. On March 29, 2021, B. Berry was sentenced to a 120 Day committal at the WERDCC.

35. At the time of her committal, the Court had found B. Berry to be suffering from serious mental health issues and this was the direct reason for her committal to the WERDCC.

36. The employees, personnel, and staff of the WERDCC knew or reasonably should have known of B. Berry's mental health issues.

37. WERDCC, its staff, employees, and personnel owed B. Berry an enhanced duty of care as she was in their care and custody.

38. WERDCC, its staff, employees, and personnel exhibited negligence in their duty of care to B. Berry resulting in her taking her own life by having no special policies to protect B. Berry even though they knew or should have reasonably known of her "serious mental health" issues and in a bewildering and unconscionable dereliction of basic detention

Case: 2:24-cv-00025-ZMB   Doc. #: 1   Filed: 03/01/24   Page: 7 of 8 PageID #: 7

*Berry v. The Missouri Department of Corrections Women's Eastern Reception Diagnostic and Correctional Center*, Case No.
**COMPLAINT**
Page 7

practice, failed to observe B. Berry walk into the showers with a bed sheet, resulting in the untimely and preventable death of B. Berry.

39. As a direct and proximate result of WERDCC, its staff, personnel, and employees' negligence in their duty of care which resulted in the wrongful death of B. Berry, B. Berry was deprived of her life and Ms. Berry suffered loss of society, comfort, and companionship of her daughter, mental and emotional anguish, and loss of enjoyment of life.

## COUNT IV
## GROSS NEGLIGENCE

40. Ms. Berry repeats and incorporates each and every allegation contained in paragraphs 1 through 39 above.

41. On March 29, 2021, B. Berry was sentenced to a 120 Day committal at the WERDCC.

42. At the time of her committal, the Court had found B. Berry to be suffering from serious mental health issues and this was the direct reason for her committal to the WERDCC.

43. The employees, personnel, and staff of the WERDCC knew or reasonably should have known of B. Berry's mental health issues.

44. WERDCC, its staff, employees, and personnel owed B. Berry an enhanced duty of care as she was in their care and custody.

45. WERDCC, its staff, employees, and personnel exhibited gross negligence in their duty of care to B. Berry resulting in her taking her own life by having no special policies to protect B. Berry even though they knew or should have reasonably known of her "serious mental health" issues and in a bewildering and unconscionable dereliction of basic detention practice, failed to observe B. Berry walk into the showers with a bed sheet, resulting in the

Case: 2:24-cv-00025-ZMB   Doc. #:  1   Filed: 03/01/24   Page: 8 of 8 PageID #: 8

*Berry v. The Missouri Department of Corrections Women's Eastern Reception Diagnostic and Correctional Center*, Case No.
<u>**COMPLAINT**</u>
Page 8

untimely and preventable death of B. Berry.

46. As a direct and proximate result of WERDCC, its staff, personnel, and employees' gross negligence in their duty of care which resulted in the wrongful death of B. Berry, B. Berry was deprived of her life and Ms. Berry suffered loss of society, comfort, and companionship of her daughter, mental and emotional anguish, and loss of enjoyment of life.

## <u>DEMAND FOR TRIAL BY JURY</u>

**PLEASE TAKE NOTICE** that Plaintiff demands a trial by jury as to all issues pursuant to Federal Rule of Civil Procedure 38.

**WHEREFORE**, Plaintiff prays for relief as follows:

1. Compensatory and non-compensatory damages in the amount of ten million dollars ($10,000,000.00);
2. Pre- and post-judgment interest; and
3. Any other and further relief as the Court may deem just and proper.

Respectfully submitted,

DATED:  March 1, 2024

_____
Joseph W. Allen #57669MO
1440 State Hwy. 248, Ste. Q
Branson, Missouri 65616
Telephone: (417) 334-6818
Facsimile: (417) 612-7081
joe@mybransonattorney.com
**Attorney for Plaintiff**