UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| DAWN BERRY, Administrator for the | ) | |
| Estate of Brittany A. Berry, Deceased, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:24 CV 25 CDP |
| | ) | |
| THE MISSOURI DEPARTMENT OF | ) | |
| CORRECTIONS, WOMEN'S EASTERN | ) | |
| RECEPTION, DIAGNOSTIC AND | ) | |
| CORRECTIONAL CENTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Brittany Berry died by suicide while she was in the custody of the Missouri

Department of Corrections (MDOC) at the Women's Eastern Reception,

Diagnostic and Correctional Center (WERDCC). Her mother and administrator of

her estate, Dawn Berry, brings this damages action under 42 U.S.C. § 1983 against

the MDOC[1] and several WERDCC employees, alleging deliberate indifference in

violation of the Eighth Amendment and a denial of substantive due process in

violation of the Fourteenth Amendment. Berry also brings supplemental state-law

claims of wrongful death and lost chance of survival. Because the MDOC is not a

---

[1] Berry names "The Missouri Department of Corrections, Women's Eastern Reception,
Diagnostic and Correctional Center" as one of many defendants in the case. Berry acknowledges
that the WERDCC is not a legal entity separate from the MDOC, but she avers that she "joined"
WERDCC to MDOC to identify "where" the alleged conduct took place. (*See* ECF 17 at p. 2
n.1.) For purposes of clarity, I will refer to this defendant as MDOC.

suable entity under § 1983 and is entitled to sovereign immunity on Berry's state-law claims, I will grant MDOC's Rule 12(b)(6) motion to dismiss for failure to state a claim.

## Legal Standard

The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of the complaint. When reviewing a Rule 12(b)(6) motion, I assume the factual allegations of the complaint are true and construe them in plaintiff's favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must contain sufficient factual matter, accepted as true, to state a claim for relief "that is plausible on its face." *Id.* The "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. The issue in determining a Rule 12(b)(6) motion is not whether the plaintiff will ultimately prevail, but whether she is entitled to present evidence in support of her claims. *See Skinner v. Switzer*, 562 U.S. 521, 529-30 (2011); *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974).

## Discussion

"Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). A State is not a "person" under § 1983 against whom a claim for

money damages can be asserted.  *Lapides v. Board of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1989).  An agency exercising state power likewise is not a "person" subject to a suit under § 1983.  *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1010 (8th Cir. 1999) (en banc) (§ 1983 suit cannot be brought against state agency); *Barket, Levy & Fine, Inc. v. St. Louis Thermal Energy Corp.*, 948 F.2d 1084, 1086 (8th Cir. 1991) (agency exercising state power as an arm of the State is not "person" subject to § 1983 suit).  As the MDOC is a Missouri state agency, it is not a suable entity under § 1983.  Berry's § 1983 claims against the MDOC must therefore be dismissed.

The Eleventh Amendment likewise bars Berry's state-law claims against the MDOC.  *Randolph v. Rodgers*, 170 F.3d 850, 859 (8th Cir. 1999); *Schuler v. University of Minn.*, 788 F.2d 510, 516 (8th Cir. 1986).  Eleventh Amendment immunity bars suits against state agencies for any kind of relief, including relief based on state-law claims, when the State has not consented to suit.  *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 121-22 (1984); *Wolk v. City of Brooklyn Ctr.*, 107 F.4th 854 (8th Cir. 2024).

Under Mo. Rev. Stat. § 537.600, the doctrine of sovereign immunity remains the general rule in Missouri.  Section 537.600.1 provides an absolute waiver of this immunity, however, for injuries resulting from (1) a public employee's negligent operation of a motor vehicle, or (2) the condition of a public entity's property.

Neither instance of waiver applies here. Missouri's sovereign immunity is also waived when a public entity purchases liability insurance for tort claims. Mo. Rev. Stat. § 537.610. And as to certain public entities, participation in the Missouri Public Entity Risk Management Fund (MOPERM) has the same effect as purchasing insurance. *See* Mo. Rev. Stat. §§ 537.700, *et seq.* In her amended complaint here, Berry avers "on information and belief" that the MDOC "has liability insurance and/or contributes to [MOPERM]" and thus has waived sovereign immunity. (ECF 13, Amd. Comp. at ¶ 6.) The MDOC contends that this averment is insufficient to demonstrate waiver. I agree.

As an initial matter, public entities that may participate in MOPERM are limited to "any city, county, township, village, town, municipal corporation, school district, special purpose or taxing district, or any other local public body created by the general assembly." Mo. Rev. Stat. § 537.700.2(3). MOPERM does not include state agencies, such as the MDOC. *P.L.S. ex rel. Shelton v. Koster*, 360 S.W.3d 805, 813 (Mo. Ct. App. 2011), *as modified* (Jan. 31, 2012). Berry's assertion that MDOC waived sovereign immunity by contributing to MOPERM is therefore without merit.

Nor does Berry's bare assertion that MDOC has liability insurance sufficiently allege waiver. Statutory provisions waiving sovereign immunity are strictly construed. *Jiang v. Porter*, 156 F. Supp. 3d 996, 1007 (E.D. Mo. 2015) (citing *Woods v. Kelley*, 948 S.W.2d 634, 637 (Mo. Ct. App. 1997)). Under Mo.

Rev. Stat. § 537.610.1, a plaintiff must prove the existence of an insurance policy *and* that the terms of the policy cover the plaintiff's claims.  Mo. Rev. Stat. § 537.610.1 ("Sovereign immunity for the state of Missouri . . . is waived . . . only for the purposes covered by such policy of insurance[.]").  *See also Epps v. City of Pine Lawn*, 353 F.3d 588, 594 (8th Cir. 2003) (plaintiff must demonstrate existence of insurance "that covered the plaintiff's claim"); *Jiang*, 156 F. Supp. 3d at 1007 (citing *Topps v. City of Country Club Hills*, 272 S.W.3d 409, 415 (Mo. Ct. App. 2008)).  "Because the liability of a public entity for torts is the exception to the general rule of sovereign immunity, a plaintiff must specifically plead facts demonstrating that the claim is within an exception to sovereign immunity." *Jiang*, 156 F. Supp. 3d at 1007 (citing *Epps*, 353 F.3d at 594).

In her amended complaint here, Berry does not specifically plead facts demonstrating that MDOC has secured liability insurance that covers the claims at issue in this case.  In response to MDOC's motion to dismiss, Berry appears to concede that she does not know whether there is such a policy, arguing only that it would be "inconceivable" if there was not one; and she asks for limited discovery so that she may determine whether such a "tangible, material thing" exists.  (ECF 17 at p. 7.)[2]  But "discovery should not be used as a fishing expedition to determine

---

[2] Berry also asserts in her responsive brief that MDOC "has not denied the existence of such a policy[.]"  (ECF 17 at p. 7.)  Although MDOC does not have the burden of demonstrating the absence of a policy, it nevertheless states in its reply brief that no policy exists.  (ECF 18 at p. 6.)

if Plaintiff has a claim." *Overton v. Wells Fargo Bank, N.A.*, No. 4:11CV1957 JAR, 2012 WL 401065, at *2 (E.D. Mo. Feb. 3, 2012). I will therefore deny Berry's request for limited discovery.

Berry's amended complaint does not specifically plead facts sufficient to demonstrate MDOC's waiver of sovereign immunity. The Eleventh Amendment therefore bars her state-law claims against the MDOC, and they will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Missouri Department of Corrections' Motion to Dismiss Plaintiff's First Amended Complaint [15] is **GRANTED**; and plaintiff's claims against The Missouri Department of Corrections, the Women's Eastern Reception, Diagnostic and Correctional Center are **DISMISSED.**

**IT IS FURTHER ORDERED** that plaintiff Dawn Berry's request that I permit limited discovery is **DENIED**. Her request that I rule defendant MDOC's motion to dismiss [19] is **DENIED as moot.**

A separate Order of Partial Dismissal is entered herewith.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 20th day of August, 2024.