IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

DAWN BERRY
**Administrator for the Estate of**
**BRITTANY A. BERRY, Deceased,**

**Plaintiff,**

vs.

**THE MISSOURI DEPARTMENT OF**
**CORRECTIONS, et al.**

**Defendants.**

**CIVIL NO.: 2:24-CV-00025-ZMB**

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**
**AND REQUEST FOR HEARING ON DAMAGES**

**COMES NOW** Plaintiff Dawn Berry, Administrator for the Estate of Brittany A. Berry,

by and through her attorney of record, Joseph W. Allen, and respectfully moves this Court

pursuant to Federal Rule of Civil Procedure 55(b)(2) for entry of default judgment against

Defendants Valarie Moseley, Travis Terry, Matt Sturm, Matt Briesacher, Anne L. Precythe,

Angela Mesmer, and Allen Thompson, in their individual and official capacities, and for a

hearing to determine damages.

**I. Procedural History**

1.      Plaintiff filed her Complaint on March 1, 2024, alleging civil rights violations

under 42 U.S.C. § 1983, wrongful death, negligence, and gross negligence arising out of the

preventable death of Brittany A. Berry.

2.      Defendants Mesmer and Thompson waived service on September 3, 2024

(Docket Nos. 25–26).

1

3.      Defendants Precythe, Briesacher, Sturm, Terry, and Moseley were each served on May 21, 2025 (Docket Nos. 56–61).

4.      On July 14, 2025, the Court ordered all defendants who had not answered to file a response to the Third Amended Complaint within ten (10) days or show cause why Defendants failed to comply. (Docket No. 64).

5.      On August 27, 2025, the Clerk entered default against the above-named defendants pursuant to Rule 55(a).

## II. <u>Jurisdiction and Venue</u>

6.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(4), and supplemental jurisdiction under 28 U.S.C. § 1367. Venue is proper under 28 U.S.C. § 1391(b).

## III. <u>Liability</u>

7.      By virtue of their default, the well-pleaded allegations of the Third Amended Complaint are deemed admitted. See *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010).

8.      These allegations establish Defendants' liability for deliberate indifference to serious medical needs in violation of the Eighth and Fourteenth Amendments, as well as liability for wrongful death, negligence, and gross negligence under Missouri law.

9.      The allegations now admitted include:

a)      The decedent's death was foreseeable. The sentencing court found Brittany Berry suffered from "serious mental health issues" which prevented her from participating in the Justice Reinvestment Initiative Treatment Pilot. She was therefore sentenced to the 120-day program in the Missouri Department of Corrections at the Women's Eastern Reception, Diagnostic and Correctional Center

("WERDCC"). (Docket No. 53, ¶¶ 9, 21, 28, 35, 42). Defendants knew or reasonably should have known of her vulnerabilities but failed to implement any protective measure.

b) On May 26, 2021, surveillance video captured Brittany Berry walking into the showers carrying a bedsheet. No correctional staff intervened, and no officer observed this conduct even though it was recorded on facility cameras. (Docket No. 53, ¶¶ 12, 24, 31, 38, 45).

c) When Brittany did not return to the chow hall, fellow inmates went looking for her. They discovered her Bible, open with a suicide note, they then discovered her body in the showers. Staff failed to notice her absence or respond until alerted by inmates. (Docket No. 53, ¶¶ 13–14).

d) Despite Brittany's documented mental health related needs and her obvious risk factors, defendants had nor followed any special policies or safeguards to protect her. This omission amounted to deliberate indifference and gross negligence in the provision of custodial care. (Docket No. 53, ¶¶ 15, 24, 31, 38, 45).

10. As a direct and proximate result of Defendants' deliberate indifference, negligence, and gross negligence, Brittany Berry lost her life. Plaintiff Dawn Berry, her mother, has suffered the loss of society, comfort, and companionship of her daughter, as well as severe emotional anguish and loss of enjoyment of life. (Docket No. 53, ¶¶ 18, 25, 32, 39, 46).

**IV. Damages**

9. Plaintiff seeks compensatory and non-compensatory damages in the amount of ten million dollars ($10,000,000.00), plus pre- and post-judgment interest.

10. While liability is established by default, damages must be proven. *Id*.

3

11.     Plaintiff intends to present testimony, records, and other exhibits substantiating

damages, including the emotional, pecuniary, and companionship losses suffered by Plaintiff as a

result of Brittany Berry's death.

12.     Because damages are unliquidated, Plaintiff respectfully requests the Court set

this matter for a hearing under Rule 55(b)(2).

**WHEREFORE**, Plaintiff respectfully requests that this Court enter default judgment against

Defendants Moseley, Terry, Sturm, Briesacher, Precythe, Mesmer, and Thompson, schedule a

hearing pursuant to Rule 55(b)(2) for the purpose of determining damages, and Grant such

further relief as this Court deems just and proper.

Dated: <u>September 6, 2025</u>                                  Respectfully submitted,

 

Joseph W. Allen          #57669
1440 State Hwy. 248, Ste. Q 458
Branson, Missouri 65616
Telephone: (417) 334-6818
Facsimile: (417) 612-7081
joe@mybransonattorney.com
**ATTORNEY FOR PLAINTIFF**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a copy of the foregoing is being filed electronically with
the County Circuit Court Clerk.  Opposing counsel is served through the ECF as provided in MO
Rule 103.08.  Service by the ECF is complete upon transmission except that, for purposes of
calculating the time for filing a response, a transmission made on Saturday, Sunday, or legal
holiday, or after 5:00 p.m., shall be considered complete on the next day that is not a Saturday,
Sunday, or legal holiday.

Dated:   <u>September 6, 2025</u>          _____
                                                              JOE ALLEN

4